297 So.2d 433 (1974)
STATE of Louisiana
v.
Larry LeBLANC.
No. 54558.
Supreme Court of Louisiana.
July 1, 1974.
*434 Murphy W. Bell, Director, Michael Cavanaugh, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Bob H. Hester, Sp. Prosecutor, for plaintiff-appellee.
DIXON, Justice.
The defendant was tried under a bill of information charging him with attempted armed robbery. R.S. 14:64, R.S. 14:27. He was convicted after a trial by jury and sentenced to serve fifteen years at hard labor. He appeals, relying on two perfected bills of exceptions to obtain reversal of his conviction and sentence.
Bill of Exceptions No. 1
During commission of this offense the complaining witness shot and wounded the perpetrator. On cross-examination defense counsel attempted to ask the witness, "Have you had any other occasions to use your gun?" The State objected on the ground that the question was irrelevant. The trial court sustained the objection and this bill was reserved.
R.S. 15:275 provides:
"In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel."
In State v. Davis, 259 La. 35, 249 So.2d 193 (1971), where we found it was not error for a trial court to curtail cross-examination with regard to an act of violence unrelated to the crime before the bar, we said:
"While cross-examination is afforded a broad scope, La.R.S. 15:280, nevertheless the trial judge is vested with a sound discretion to stop irrelevant examination, La.R.S. 15:275. Further, the discretion of the trial court in determining a question of relevancy should not be disturbed in the absence of clear abuse. State v. Foreman, 256 La. 999, 240 So.2d 736 (1970); State v. Giles, 253 La. 533, 218 So.2d 585 (1969); State v. DiVincenti, 232 La. 13, 93 So.2d 676 (1957)."
We are unable to say that the trial court abused its discretion in refusing to permit the question posed by defense counsel.
This bill is without merit.
Bill of Exceptions No. 2
This bill was reserved when the trial court refused a special written charge requested by the defendant after argument. The request was made after the prosecutor during rebuttal argument misstated the law with regard to the presumption arising from failure to call a witness under the control of a party. R.S. 15:432. In his per curiam the trial judge states the request was denied because it came too late and because it was contained in the general charge.
C.Cr.P. 807 provides in part:
"The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party' when the charges are submitted to the court."
We do not agree that the request came too late. Special charges may be received by the court in its discretion after argument. Where, as here, the necessity for the special charge arises after argument has begun it is an abuse of discretion to refuse such a charge on the ground it is not timely.
The remainder of C.Cr.P. 807 provides:
"A requested special charge shall be given by the court if it does not require *435 qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
In the instant case the requested charge was partially covered by the general charge. The trial judge read R.S. 15:432 to the jury. Also, the special charge was not wholly correct, partially misstating the presumption. The bill does not present reversible error.
For the reasons assigned, the conviction and sentence are affirmed.