325 So.2d 586 (1976)
STATE of Louisiana
v.
David BLANTON.
No. 56845.
Supreme Court of Louisiana.
January 19, 1976.
*587 James J. Gleason, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
David Blanton was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After trial by jury, he was found guilty as charged and was subsequently sentenced to serve six years at hard labor. On appeal, he relies upon two assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 5
At the close of the judge's general charge to the jury, defendant filed eight special jury charges with the court. The trial judge refused his request that he give the special charges. The denial of the request is assigned as error.
The pertinent law on special jury charges is set forth in article 807 of the Code of Criminal Procedure:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
At trial and in his per curiam, the judge stated that he refused to give the special charges because they were not timely filed and were included in the general charge.
Since defendant filed the special charges after the beginning of argument, *588 receiving them was discretionary on the part of the trial judge. La.Code Crim.P. art. 807 (1966). Defendant contends that the trial judge abused his discretion in refusing to give them, and to support this contention he relies on State v. LeBlanc, 297 So.2d 433 (La.1974). In that case, the prosecutor misstated the law during rebuttal argument, and a special charge was requested to correct the error. We stated that when the necessity for the special charge arises after argument has begun it is an abuse of discretion to refuse such a charge on the ground that it was not timely filed. We held, however, that the judge's abuse of discretion did not present a reversible error since the requested charge was partially covered by the general charge and the special charge itself was not wholly correct.
Defendant does not allege that the state in argument or the judge in his general charge misstated the law applicable to the case nor did he make any other showing that the need for his special charges arose after argument had begun. Hence, LeBlanc is inapposite. Moreover, all but one of the requested special charges were clearly included within the general charge and therefore need not have been given. La.Code Crim.P. art. 807 (1966). The special charge that arguably was not given in the general charge dealt with the weight to be given the testimony of a witness who had been convicted of a prior felony. Because one of the defense witnesses was a convict, the special charge might have been pertinent to the case. However, included in the general charge were instructions on the credibility of witnesses and the weight to be given to their testimony. Therefore, while not specifically covered, this requested special charge was generally included in the general charge.
Under these circumstances, we cannot say that the trial judge abused his discretion in not receiving the defendant's requested special charges at the close of his general charge to the jury. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 6
Defendant alleges that the trial judge erred in denying his motion for a mistrial based on the denial of his request for special jury charges. For the reasons given in our disposition of Assignment of Error No. 5, this assignment of error has no merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Defendant perfected six assignments of error in the trial court, of which only two were briefed and argued before this court on appeal. The remaining assignments of error are therefore considered abandoned. State v. Carlisle, 315 So.2d 675 (La.1975).