337 So.2d 1157 (1976)
STATE of Louisiana
v.
Alvin PHILLIPS.
No. 57856.
Supreme Court of Louisiana.
October 6, 1976.
L. Howard McCurdy, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On January 4, 1974 the defendant, Alvin Phillips, sold five "papers" of heroin for $60.00 to an agent of the Drug Enforcement Administration. Subsequently the defendant was arrested and indicted for the crime of distribution of heroin, a violation of R.S. 40:966. The defendant was tried before a jury, convicted and sentenced to life imprisonment.
Although the defendant submitted four assignments of error to the trial court, assignments three and four have neither been briefed nor argued and are deemed abandoned. State v. Matthews, 292 So.2d 226 (La.1974); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

Assignment of Error No. 1
After the close of the trial, the defendant filed a motion for a new trial based on the allegation that error was committed at the conclusion of the case when the trial court did not afford defense counsel an opportunity to poll the members of the petit jury. The trial judge denied the motion for a new trial and the defendant objected to that ruling.
*1158 The record is silent as to any request made by the defendant to poll the jury and as to any denial of the request by the trial judge. Since no request for a polling was made and the defendant made no contemporaneous objection to the lack of a polling, this matter cannot be considered on appeal. C.Cr.P. 812, 841.

Assignment of Error No. 2
The defendant also filed a supplemental motion for a new trial on the ground that the trial judge erred in not permitting defense counsel to mention to the jury that if the defendant was convicted as charged, the penalty would automatically be life imprisonment. The trial judge denied the motion and defense counsel objected to that ruling.
The record is silent as to any request by defense counsel to so advise the jury and as to any denial of such a request by the trial judge. Since no contemporaneous objection was made by the defendant to the alleged error, it cannot be considered on appeal. C.Cr.P. 841.
Accordingly, the conviction and sentence are affirmed.