343 So.2d 185 (1977)
STATE of Louisiana, Appellee,
v.
William T. LAVENE, Appellant.
No. 58602.
Supreme Court of Louisiana.
February 28, 1977.
*186 Byron J. Casey, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Gretna, for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of aggravated battery. La.R.S. 14:34. He was sentenced to one year's imprisonment in the parish prison, to be served on weekends. His appeal relies upon a single assignment of error, the allegedly incorrect denial by the trial court of the defendant's motion for a new trial.
1. Timeliness of the appeal
Initially, however, the state suggests that the appeal should be dismissed because of tardy filing in this court. It points out that the record was not filed in this court until September 14, 1976, although the last extended return date fixed by the court was June 14.
However, La.C.Cr.P. art. 917 expressly provides: "It shall be the duty of the clerk of court to file the transcript of the record on or before the return day. Failure of the clerk to file the transcript of the record on or before the return day shall not operate as an abandonment of the appeal."[1] (Italics ours.)
There is thus no merit to the state's contention. Because of contentions here made, however, we deem it appropriate to discuss more fully the applicable legislation as to (a) the return date for filing the transcript of the appellate record in this court and (b) the time within which assignments of error may be filed.
*187 (a) Return day for transcript of record
The trial court is required to fix a return day for the appeal, La.C.Cr.P. art. 915, may extend it, art. 919, and retains jurisdiction after the appeal is granted to extend the return day, art. 916(1). The return day, initial or extended, fixes the time within which the clerk shall prepare and deliver the transcript of the record to the appellate court. Art. 917.
The clerk may obtain extensions of the return day needed for him to complete the record. La.R.S. 13:4438 (1960). By rule of this court, the extension of the return day by the trial judge is subject to close supervision designed to assure against unnecessary delay. La.Supreme Court Rule 919.1 (1976). Nevertheless, while the clerk's failure to obtain timely an extended return day may be cause to deny his request for further extension, La.C.Cr.P. art. 919, Official Revision Comment (b), his failure to do so may not prejudice the appellant nor cause the dismissal of his appeal, art. 917 (quoted in full above).
In the present instance, the delay of the clerk in filing the record is not shown to be due to any delay by the appellant in filing his assignments of error. Even had the assignments of error not been filed timely, however, the clerk is not required to delay filing the transcript until they are filed (although of course he may obtain an extended return day to permit their filing). No statutory requirement prevents him from filing the record by the return day, without the assignments of error.
(b) Time for filing of assignments of error
Assignments of error are designations in writing of the errors to be urged on appeal and are to be filed with the trial court, which may submit per curiam comments. La.C.Cr.P. art. 844 (1974). Except for "patent error", the reviewing court may consider only errors so designated. Art. 920(1).
By Act 207 of 1974, which replaced the bills of exceptions with the assignments of error procedure, the trial court is authorized to fix the time within which assignments of error are to be filed (Art. 844), to extend the time for filing assignments of error after being divested of jurisdiction by the appeal (Art. 916(1)), and to receive assignments of error after the appeal so divests him of jurisdiction (Art. 916(5)).
The purpose of these 1974 amendments to these articles was to grant the trial court full authority to extend the time for filing assignments of error at any time after the appeal is granted, including after the record of the appeal is lodged in the appellate court. The tenor of these amendments was that this authority should be liberally exercised in favor of affording appellants their day in the appellate court. The remedy against any delay of appointed or retained counsel in preparing and filing assignments of error may be discipline of dilatory counsel; it is not denial of appellate review to his client because of his delay.
In the present instance, counsel for the appellant filed his assignment of error on June 9, 1976. At this time, he secured an extension of the return day to June 14. The record indicates that counsel had secured several prior extensions to file the assignments, due to the failure of the court reporter to complete the full transcript ordered, the last of which ended on June 9, with the return day on that date being extended to June 14.
We find no hiatus in the extensions. Nevertheless, even if there had been one (as suggested), the trial court was authorized on June 9 to grant the extension and to receive the assignments of error filed on that date by the 1974 amendments to Article 916(1), (5) of the Louisiana Code of Criminal Procedure.
Accordingly, we find that both the appeal and the assignment of error were timely filed.
2. On the merits
The single assignment of error relates to the denial of a motion for a new trial. The motion for a new trial was based *188 on the ground that newly discovered evidence clearly indicates that the state witnesses were mistaken in their identification of the defendant as the man who committed the battery.
The newly discovered evidence was photographic corroboration that the accused was wearing a black shirt at the time of his arrest, shortly after the battery.
The accused's principal defense was that he was mistakenly picked out of the crowd as the man who had hit the policeman-victim at a Mardi Gras parade. His evidence, if believed, showed that instead the policeman was hit by a man who closely resembled him, who was wearing a white shirt.
The significance of the newly discovered evidence, he contends, is that it shows that the only eyewitness (Brother Michael) to the battery other than the victim was mistaken, in that allegedly he described the man who hit the policeman from the group as wearing a white shirt.
Nevertheless, on examination of the trial record, Brother Michael did not positively identify the then-unknown assailant as wearing a white shirt. When first asked to describe this person's attire, he replied: "He was wearing a T-shirt, I believe. He was wearing a black or white T-shirt white T-shirt, I believe." Tr. 37. Later, in answer to another question, he replied: "I believe, he was dressed in a white T-shirt." Tr. 39.
Despite this lack of certainty as to the color of the assailant's shirt, Brother Michael was positive in his identification of the present accused as the man who committed the battery on the officer. The officer was likewise positive in his identification.
The trial testimony of the other officers and of the accused himself indicates he was wearing a black T-shirt, at the time the victim pointed out the accused as his assailant and at the time of his arrest. Tr. 21, 50, 117.
A principal issue in the jury-waived trial before the judge was whether the officervictim and the witness (Brother Michael) were mistaken in their identification of the accused (wearing a black shirt) as the man who committed the battery, instead of Joe G. (who was wearing a white shirt), the true offender according to the accused's defense.
The great weight of the trial testimony is to the effect that the accused was wearing a black shirt. The photographic evidence offered as a basis for a new trial was merely corroborative of this fact.
Under the circumstances, we find no abuse of the trial court's exercise of its large discretion in granting or denying a new trial on the ground of newly discovered evidence.
The newly discovered evidence should be of a nature that, "if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty." La.C.Cr.P. art. 851(3). Cumulative evidence as to an issue fairly disclosed and decided at the trial is ordinarily not of this nature. State v. Gibson, 323 So.2d 446 (La.1975); State v. Santos, 309 So.2d 129 (La.1975). More important, the new evidence, whether cumulative or not, is not of such import that, if introduced at the trial, it would have been of material significance with regard to changing the finding of guilt. State v. Phanor, 325 So.2d 579 (La.1976); State v. Drake, 319 So.2d 427 (La.1975); State v. Jackson, 253 La. 205, 217 So.2d 372 (1968).

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
SANDERS, C.J., concurred in the decree.
CALOGERO, J., recused.
NOTES
[1] See also art. 915 A: "* * * When a motion for appeal has been timely filed, an appeal may not be affected by any fault or omission on the part of the trial court."