350 So.2d 603 (1977)
STATE of Louisiana
v.
Charles Ray SPEARS.
No. 59311.
Supreme Court of Louisiana.
September 19, 1977.
Rehearing Denied October 21, 1977.
*604 Walter C. Dumas, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., Joseph H. Simpson, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Tangipahoa Parish Grand Jury indicted Charles Ray Spears for: (1) the second degree murder of John E. Reid, in violation of LSA-R.S. 14:30.1; (2) the attempted murder of Roy E. Walters, in violation of LSA-R.S. 14:30 and 14:27; and (3) two counts of armed robbery, in violation of LSA-R.S. 14:64. After a trial, the jury *605 found defendant guilty of all charges. The trial judge sentenced him to: (1) life imprisonment for the second degree murder conviction, without benefit of probation, parole, or suspension of sentence for twenty years; (2) twenty years for the attempted murder conviction; (3) ninety-nine years, without benefit of probation, parole, or suspension of sentence, for each armed robbery. The trial judge ordered all sentences to run consecutively.
Defendant appeals his convictions and sentences, relying upon eight assignments of error.[1]
On August 8, 1975, Charles Ray Spears entered the Goodyear Service Store in Hammond, Louisiana, and purchased a radio. After completing his purchase, he drew a gun and ordered the two employees, Roy Walters and John Reid, to handcuff themselves together with handcuffs which he gave them. Spears opened the safe, took the money in the bank bag, and then rifled the cash drawers. Spears then took Reid's wallet and shot each employee in the back of the head leaving Reid dead and Walters blinded, deafened, and semi-conscious. Walters regained consciousness and telephoned for help. Several months later, after Walters regained his eyesight, he identified Charles Ray Spears as the assailant.

ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, defendant alleges that the trial court erred in admitting a cassette tape into evidence.
This assignment of error, having neither been briefed nor argued, is considered abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
Moreover, defense counsel requested that the cassette be transcribed and admitted into evidence. Having requested its admission, defendant cannot now be heard to complain.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
In Assignment of Error No. 3, defendant complains that the trial court erred in denying his motion to suppress the pre-indictment lineup identification on the basis that he was not represented by counsel.
The United States Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), held that an accused is entitled to counsel at a lineup when adversary criminal proceedings are initiated, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Arrest alone does not entitle an accused to have counsel present at his lineup. In Kirby, the Court noted:
"The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has *606 committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified."
Applying the holding in Kirby, this Court has consistently held that the presence of an attorney is not required at lineups held prior to the filing of bills of information or indictments. State v. Rudolph, La., 332 So.2d 806 (1976); State v. Stewart, La., 325 So.2d 819 (1976); State v. Nero, La., 319 So.2d 303 (1975); State v. Lawrence, La., 294 So.2d 476 (1974).
In the instant case, defendant was not formally charged by indictment until three months after the lineup.[2] Defendant, therefore, had no constitutional right to counsel.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
In Assignment of Error No. 4, defendant contends that the lineup identification procedure was so unnecessarily suggestive as to be violative of his due process rights.
In State v. Newman, La., 283 So.2d 756 (1973), we stated:
"Due process prohibits the conduct of an identification procedure in a manner that it is unnecessarily suggestive and conducive to irreparable mistaken identification. Neil v. Biggers, 409 U.S. 188,93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); Foster v. Califormia, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). In a determination of whether an identification procedure was impermissibly suggestive, reference must be made to all circumstances. State v. Amphy, 259 La. 161, 249 So.2d 560 (1971); Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Foster v. California, supra; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)."
The record reflects that all five males, including the defendant, were black males wearing jail uniforms and were approximately the same build, height, and complexion. Defendant was allowed to choose the number he would wear. The victim picked Charles Ray Spears in each of the three successive viewings.
We conclude that the lineup was fairly conducted, and thus defendant was not denied due process.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 6
In Assignment of Error No. 6, defendant complains that the trial judge erred in denying his motion for the production of favorable evidence.
It is well settled that the prosecution may not suppress evidence, in the face of a defense production request, when the evidence is favorable to the defendant and is material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
Defendant argues that the State possessed a confession made by defendant relating to a murder charge in Orleans Parish which contained exculpatory information. At the time of defendant's request, the State answered that it was not in possession of evidence favorable to the defendant.
After reviewing the confession, we conclude that the confession was not exculpatory. Accordingly, the trial court judge properly denied defendant's motion. State v. Robinson, La., 342 So.2d 183 (1977).
Assignment of Error No. 6 is without merit.

ASSIGNMENTS OF ERROR NOS. 15, 16 AND 19
As defendant has neither briefed nor argued Assignments of Error Nos. 15 *607 and 16, they are considered abandoned. State v. Phillips, supra; State v. Blanton, supra; State v. Carlisle, supra.
In Assignment of Error No. 19, defendant argues that the trial judge erred in admitting into evidence photographs of the murder victim's face and leg. He contends that the photographs had an inflammatory effect on the jury.
The test of admissibility is whether the probative value of the photographs outweighs their probable inflammatory effect. State v. Curry, La., 292 So.2d 212 (1974); State v. McCauley, La., 272 So.2d 335 (1973); State v. Gibson, La., 271 So.2d 868 (1973).
One of the black and white photographs at issue depicts the murdered victim's head and shoulders. In addition, the photograph illustrates that the victim's eye was blackened. The other black and white photograph of the victim's foot shows an identification tag, indicating that the name of the victim was John Reid.
Photographs of the body of a deceased victim have generally been held relevant to prove the death; to corroborate other evidence of manner in which death occurred; to establish the location, severity and number of wounds; and to establish the identity of the victim. State v. Williams, La., 343 So.2d 1026 (1977); State v. Cooper, La., 334 So.2d 211 (1976); State v. Beach, La., 320 So.2d 142 (1975).
After examining the photographs in question, we conclude that they are not gruesome. Moreover, they are relevant to prove the identity of the murder victim. Since the probative value of the photographs outweighs any possible prejudicial effect, the trial judge did not err in admitting them into evidence.
Moreover, defendant failed to object at the time the photographs were introduced into evidence. Defendant's objection when the State attempted to show them to the jury was not timely. LSA-C.Cr.P. Art. 841. State v. McCray, La., 327 So.2d 408 (1976); State v. Gibson, La., 323 So.2d 446 (1975).
Assignments of Error Nos. 15, 16, and 19 are without merit.

ASSIGNMENT OF ERROR NO. 20
In Assignment of Error No. 20, defendant complains of the trial court's denial of his motion for a directed verdict. He alleges that the State failed to prove an essential element of the armed robbery: that something of value was taken.
The State charged defendant with the August 8, 1975, armed robbery of Roy Walters and John Reid and brought defendant to trial in August, 1976. By Act No. 527 of 1975, the Legislature amended LSA-C.Cr.P. Art. 778 by eliminating the directed verdict in cases triable by jury. The effective date of that amendment was September 12, 1975. We have held the amendment procedural in nature and thus applicable to all trials held after its effective date. State v. Hodges,La., 349 So.2d 250 (1977); State v. Clark, La., 340 So.2d 208 (1976); State v. Marmillion, La.,339 So.2d 788 (1976); State v. Marks, La., 337 So.2d 1177 (1976). Hence, the trial court properly denied defendant's motion for a directed verdict.
Assignment of Error No. 20 is without merit.
For the reasons assigned, the convictions and sentences are affirmed.
DIXON, J., concurs.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I do not agree with the majority decision that Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) completely disposes of the accused's claim that he had a right to be represented by counsel at his preindictment lineup because defendant Kirby did not ask for legal assistance and apparently had no lawyer at the time of the lineup. Because defendant herein did not strongly assert his right to have counsel present, and the record suggests that he affirmatively waived that right, I agree with the majority decision that defendant's right to counsel was not impinged.
NOTES
[1] In an unnumbered assignment of error, defendant complains of the trial court's admission of his confession of another murder into evidence. He also contends the trial court erred in allowing testimony of police officers refuting defendant's testimony that the confession was extorted by physical violence.

Defendant's allegations of error are not embodied in a formal assignment of error. His contention first appears in his brief.
Article 844 of the Code of Criminal Procedure provides:
"The party appealing shall designate, in writing, those errors which are to be urged on appeal.
"This assignment of errors shall be filed within the time specified by the trial judge.
"The trial judge may submit such per curiam comments as he desires."
"Moreover, Article 920 of the Code of Criminal Procedure provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." (Emphasis added.)
Hence, these allegations of error are not properly before us on appeal.
[2] The lineup was conducted on March 25, 1976. The Tangipahoa Parish Grand Jury indicted defendant three months after the lineup.