PER CURIAM.
Defendant Bernard Arcana, Jr., was charged by bill of information with simple burglary, in violation of La.R.S. 14:62. On August 17,1982 defendant entered a plea of guilty as charged and the trial court ordered a presentence investigation. On November 23, 1981 defendant was sentenced to four years at hard labor with a recommendation that he be sent to Hunt Correctional Center for psychiatric and drug treatment. Defendant now appeals his conviction and sentence to this Court urging that the penalty imposed by the trial judge is excessive.
The facts of the offense reveal that the defendant broke into the home of Mr. Bernard Osofsky, a neighbor, after defendant was told by Osofsky’s grandson that Osof-sky had drugs in his house and would not be home. The defendant was arrested after he attempted to fill a prescription given to Mr. Osofsky.
*1137 At sentencing on November 23, 1981, the trial court noted that “defendant has led a life of drugs...” and concluded that “... any lesser sentence will only indicate that defendant can continue in his drug life style and burglarize residences to support his habit.” The record does not indicate, however, that the trial court also considered that the peculiar circumstances of the offense may indicate that defendant’s criminal conduct is unlikely to reoccur, or that defendant is a young, first offender, who has voluntarily sought help in the past, and is currently undergoing treatment for his drug problem.
While a trial judge need not articulate his sentence in terms of every aggravating and mitigating circumstance provided in La.C.Cr.P. Art. 894.1 “... the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant.” State v. Gulden, 399 So.2d 194, 200 (La.1981). On this record, we do not find that the trial judge performed his essential task under Art. 894.1. Accordingly, while we affirm defendant’s conviction, we vacate his sentence and remand the case for resentencing in accord with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
LEMMON, J., dissents from the remand for resentencing.