434 So.2d 1270 (1983)
STATE of Louisiana
v.
Willie TRIPLETT, Jr.
No. 83 KA 0076.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1271 Ossie Brown, Dist. Atty. by Glen Petersen, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Georgia Wilemon, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
This is an appeal from a criminal conviction for simple burglary. At issue is whether or not a mistrial should have been granted due to a comment by the prosecution during the closing argument which allegedly referred to defendant's failure to take the witness stand. Defendant also contends his sentence is excessive. We affirm both the conviction and the sentence.
Defendant, Willie Triplett, Jr., was arrested in the cafeteria section of the McKinley Headstart Center in Baton Rouge, an old elementary school building currently being used as a "headstart" center. When he was arrested, defendant was standing inside a broken window with two boxes of frozen shrimp in his arms. The two police officers, who had answered a silent burglary alarm activated at the headstart center, entered the building through the broken window and subdued and arrested defendant.
Defendant was charged by bill of information with simple burglary in violation of La.R.S. 14:62. Defendant initially pled "not guilty," but he changed his plea to "guilty" on the day set for trial. At the sentencing hearing, defendant withdrew his guilty plea and pled "not guilty" again. On the day set for trial, defendant moved to dismiss his court-appointed attorney. The trial court granted defendant's motion. The defendant thereafter represented himself *1272 at trial with the Public Defender's office acting as an advisor. Defendant then changed his plea from "not guilty" to "not guilty and not guilty by reason of insanity." After trial on the merits, a six-man jury found defendant guilty of simple burglary. Defendant then withdrew as counsel of record for himself, and was replaced by the Public Defender. Following the denial of the defendant's motion for a new trial, defendant was sentenced to six years at hard labor, with credit for time served. Defendant has appealed both his conviction and sentence.
Although the defendant submitted eight assignments of error to the trial court, only assignments six and eight were briefed. Consequently, the other assignments of error are considered abandoned. Rule 2-12.4, Uniform Rules of the Courts of Appeal.
As defendant's sixth assignment of error, he contends the trial court erred when it denied his motion for a mistrial. Defendant argues that statements made to the jury by the prosecutor in closing arguments focused upon defendant's failure to take the witness stand; and, therefore, under La. Code Crim.P. art. 770(3), the motion for mistrial should have been sustained.
The statements made by the prosecutor during his closing argument which are at issue in this appeal are as follows:
"The defense has to prove that he was insane, which there was absolutely no evidence to that, or he was so intoxicated that he didn't know what he was doing. There's absolutely no evidence to that. I'm going to tell you right now he's going to get up here and say that he was, but you can't consider it. You can't consider it. It didn't come from that witness stand. That's where the evidence comes from. You can only consider evidence. You shouldn't have any problems with it. I trust that you will find him guilty of the crime of simple burglary. Thank you very much."
Defendant objected to the above statements at trial on the grounds that the prosecutor referred to his not taking the stand. Defendant then moved for a mistrial on the basis of La.Code Crim.P. art. 770(3), which reads in pertinent part as follows:
"Upon the motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

* * * * * *
(3) The failure of the defendant to testify in his own defense; ..."
Mistrial is a drastic remedy and, except in instances in which a mistrial is mandatory, is warranted only when the trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Latin, 412 So.2d 1357 (La.1982).
In the instant case, the defendant himself made his closing argument to the jury. The prosecutor, anticipating that the defendant would reiterate to the jury his defense of insanity by intoxication in his closing argument, emphasized that the jury must consider only the evidence presented from the witness stand and cannot consider defendant's statements in closing. The prosecutor's reference to the lack of evidence to prove defendant's intoxication falls within the purview of La.Code Crim.P. art. 774, which provides that argument can be directed to the lack of evidence on any issue.
The Louisiana Supreme Court has repeatedly upheld references made in closing argument that the State's case stands uncontroverted or unrebutted. See State v. Latin, supra; State v. Landry, 388 So.2d 699 (La.1980), cert. denied, 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618; State v. Sims, 346 So.2d 664 (La.1977); State v. Reed, 284 So.2d 574 (La.1973). An exception was made in State v. Perkins, 374 So.2d 1234 (La.1979), where the court held that when the defendant is the only person who can dispute the testimony, a reference to the testimony as uncontroverted focuses the jury's attention on the defendant's failure to testify so as to violate article 770's prohibition against such remarks. This exception *1273 is inapplicable in the instant case, as defendant was not the sole source of evidence to establish his defense of intoxication. He called three witnesses in his behalf to establish his defense.
We therefore conclude the prosecutor's remarks were not such as to require a mistrial. The remarks were not intended to bring to the jury's attention the failure of the defendant to testify. See State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Smith, 327 So.2d 355 (La.1976) (on rehearing). This assignment of error is meritless.
Defendant's eighth and final assignment of error is that the trial court imposed an excessive sentence. Although the six years at hard labor to which defendant was sentenced to serve is only half the maximum possible imprisonment of twelve years at hard labor, defendant contends his sentence is excessive in that the trial court failed to articulate any mitigating factors as required by La.Code Crim.P. art. 894.1(C).
A sentence imposed upon a defendant following a verdict of guilty may be within the statutory limits but still violative of a defendant's right against excessive punishment under Article 1, § 20 of the Louisiana Constitution of 1974, and therefore reviewable by the appellate court. State v. Sepulvado, 367 So.2d 762 (La.1979). La.Code Crim.P. art. 894.1 provides sentencing guidelines by which to review a sentence to see if it is excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Sepulvado, supra.
Subsection B of article 894.1 requires the sentencing court to consider any mitigating factors, including but not limited to those listed therein, in determining whether suspension of the sentence or probation is appropriate. Subsection C of article 894.1 requires the trial court to state the considerations taken into account and the factual basis therefor in imposing sentence. Although the trial court does not have to articulate every aggravating and mitigating circumstance listed in article 894.1 to which he accorded weight, the record must reflect that the trial judge adequately considered these guidelines in particularizing the sentence to the defendant. State v. Duncan, 420 So.2d 1105 (La.1982).
In sentencing defendant, the trial judge said:
"In pronouncing this sentence in accordance with the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, the Court cites that confinement is appropriate because there seems to be an undue risk that during the period of a suspended sentenced (sic) or probation the defendant would commit another crime and the Court cites simply that the defendant is classified as a second felony offender. Also, the Court notes that on December 6, 1972, the defendant was convicted of attempted armed robbery and was sentenced to six years in the Department of Corrections. On February 2, 1979, the defendant was also convicted of resisting an officer and was fined for that offense. The defendant has other arrests noted on his record, none of which have resulted in any disposition at this time. Also, the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his committment (sic) to an institution, and the Court cites that it is the recommendation of the Division of Probation and Parole for this sentence of incarceration."
Although the judge did not enunciate the mitigating factors which he considered in pronouncing the sentence, the defendant's attorney just prior to the imposition of the sentence had listed and entered into the record the mitigating factors. The defendant's attorney commented on the fact that the victim in this case recommended probation for the defendant, which she felt was a mitigating factor. She also brought to the attention of the court that defendant was a graduate of Southern University and that he was intoxicated and hungry when he took the shrimp. The trial judge then noted he was aware of the facts and circumstances surrounding the charge before he imposed the sentence.
*1274 While the trial court could have reiterated these mitigating factors in imposing the sentence, the record provides this court with an adequate basis for review and constitutes adequate compliance with article 894.1. See State v. Douglas, 389 So.2d 1263 (La.1980). From our review of the record, we cannot say the trial court abused its discretion in imposing the six-year sentence at hard labor.
For the above reasons, the conviction and sentence are affirmed.
AFFIRMED.