441 So.2d 359 (1983)
STATE of Louisiana
v.
Harold G. SONNIER.
No. 83-KA-409.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1983.
Joseph L. Montgomery, Staff Appeals Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., David Loeb, Asst. Dist. Atty., 24th Judicial Dist., Parish of Jefferson, William C. Credo, III, Andrea M. Price, Asst. Dist. Attys., Research & Appeals, Gretna, for plaintiff-appellee.
Before BOWES, KLIEBERT and DUFRESNE, JJ.
*360 DUFRESNE, Judge.
Defendant, Harold Sonnier, was charged in a Bill of Information with committing an aggravated battery upon Ralph H. Jones in violation of R.S. 14:34. The defendant waived his right to a jury trial and a bench trial was held on December 17, 1982. The defendant was found guilty of second degree battery. After reviewing the pre-sentence investigation report, the trial judge sentenced him to serve five (5) years at hard labor with credit for time served.
From this conviction and sentence the defendant has appealed and contends the trial judge erred in imposing an excessive sentence.
On September 24, 1982, during the evening hours, the victim, Ralph Hamilton Jones, was in Josephine's Bar, located in Kenner, Louisiana. Mr. Jones was approached by the defendant, Harold G. Sonnier, known at that time only as NuNu, who requested that Mr. Jones buy him a beer as it had been a payday. Both men are employed by the Sewerage and Drainage Department in garbage disposal. On a previous occasion, the victim had bought the defendant a beer, but on that night he decided not to do so.
The victim left the bar around 9:30 or 10:00 P.M., and began to walk to his house which was several doors away. As he passed The Sweet Shop, which was right next to his house, Harold Sonnier stepped out of the darkness and struck him on the head. Mr. Jones fell to the ground and as he tried to rise, the defendant said, "Nigger,.. you ain't going nowhere; I'm going to kill you." Sonnier again struck Jones on the head. Jones, at trial, was unable to say if Sonnier was armed with a dangerous weapon at the attack on him. Jones lay unconscious on the sidewalk for about an hour and forty-five minutes and then managed to get to his mother's residence several blocks away. He stayed there for three days before seeking professional medical treatment. It was at this time that Jones reported the incident to the police.
The defendant was arrested on September 27, 1982, and a Bill of Information was filed on October 1, 1982.
Initially, it is observed from a review of the record that no assignments of error were lodged in this court. Rather, defense counsel incorporated the assigned error into the brief.
La.C.Cr.P. Art. 844, provides:
The party appealing shall designate, in writing, those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge, but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
The trial judge may submit such per curiam comments as he desires.
La.C.Cr.P. Art. 920, provides, "[t]he following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
Since the defendant did not submit the issue by formal assignment of error, caselaw indicates the matter is not properly before the court for review. See State v. Spell, 399 So.2d 551 (La.1981) and State v. Spears, 350 So.2d 603 (La.1977).
Accordingly, pursuant to article 920, the excessiveness issue need only be considered if it falls into the category of "error patent".
While a contemporaneous objection to a sentence at the trial level has been deemed unnecessary to preserve the issue of excessiveness on appeal, the assignment of error requirement remains viable.
The Louisiana Supreme Court in State v. Cox, 369 So.2d 118, 121, held "[w]ith the exception of death penalty cases (which this court must independently review in each *361 instance for excessiveness, La.C.Cr.P. Art. 905.9), individual excessiveness of sentence may be considered on appeal only where presented by assignment of error, La.C. Cr.P. Art. 920(1), formally made as required by La.C.Cr.P. Art. 844."
Considered, nonetheless, the argument appears to have very little merit.
The trial judge, in imposing the maximum sentence for the offense, carefully considered both aggravating and mitigating circumstances in compliance with La.C. Cr.P. Art. 894.1.
In mitigation he noted that the defendant had both physical and emotional impairments which could have contributed to the commission of the offense. The judge also observed that the defendant contributed to the support of two minor children and his mother.
However, in aggravation, the judge carefully considered the aspects of the present case and the defendant's prior criminal history, including a conviction for manslaughter for which the defendant served time in the Louisiana State Penitentiary, a conviction for carrying a concealed weapon, four pending cases and seven arrests. He concluded that neither incarceration nor probation had acted as a deterrent on the defendant's behavior. In view of previous offenses involving weapons or injury to other persons, he found the defendant was dangerous and likely to commit other offenses. Further, because of the severity of the victim's injuries in the present case and the lack of any provocation, the judge was of the opinion that any lesser sentence would deprecate the seriousness of the offense.
In State v. Dunns, 404 So.2d 1235, 1236 (La.1981), the Louisiana Supreme Court quoting State v. Guiden, 399 So.2d 194, 200 (La.1981), emphasized that
`[W]hile the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C.Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant.' The record left of sentencing should therefor indicate that the trial court considered not only the seriousness of the offense and the past record of defendant, but also defendant's personal history (age, work record, mental, emotional and physical health) and his `... potential for rehabilitation.' [citations omitted].
In this case, the trial judge has given more than a verbatim recitation of the language of the statute. He has cited the factual basis for his conclusion that the maximum sentence permitted by statute was appropriate in this case, despite the existence of some mitigating circumstances.
As noted in State v. Jones, 381 So.2d 416 at 418-419, (La.1980), "a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, supra, [367 So.2d 762 (La. 1979) ]."
We have further reviewed the entire record for errors patent. Finding none, we affirm the defendant's conviction and sentence.
AFFIRMED.