BOWES, Judge.
On September 1, 1982, the defendant, Ronald Laddin, was charged, by a bill of *692 information, with a violation of La.R.S. 14:64 (armed robbery). Following a request by the defense, a sanity commission was convened and, after the sanity hearing on October 7, 1982, the defendant was found competent to stand trial.
Thereafter, pursuant to a plea bargain with the State, the defendant entered a plea of guilty to the reduced charge of attempted armed robbery. In accordance with the plea bargain, Ronald Laddin was, on January 17, 1983, sentenced to twelve years at hard labor in the State penitentiary. It is from that sentence the defendant now appeals.
The defense submitted three assignments of error to the trial court; however, none of these assignments have been addressed in defense’s brief. Therefore, these assignments are deemed abandoned. See the Uniform Rules of the Courts of Appeal, Rule 2-12.4 and also State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983).
Defense counsel did submit and argue one assignment of error in her brief: That the trial judge “failed to follow the sentencing guidelines under C.Cr.P. Art. 894.-1.”
In State v. Lavene, 343 So.2d 185, 187 (La.1977), the Louisiana Supreme Court held: “[assignments of error are designations in writing of the errors to be urged on appeal and are to be filed with the trial court, which may submit per curiam comments. [citation omitted]. Except for ‘patent error’, the reviewing court may consider only errors so designated, [citation omitted].” See also State v. Spell, 399 So.2d 551 (La.1981) and State v. Spears, 350 So.2d 603 (La.1977).
Recently, in State v. Sonnier, 441 So.2d 359 (La.App. 5th Cir.1983), Judge Du-fresne, a member of this panel, stated:
Initially, it is observed from a review of the record that no assignments of error were lodged in this court. Rather, defense counsel incorporated the assigned error into the brief.
La.C.Cr.P. Art. 844, provides:
The party appealing shall designate, in writing, those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge, but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
The trial judge may submit such per curiam comments as he desires. [...]
Since the defendant did not submit the issue by formal assignment of error, caselaw indicates the matter is not properly before the court for review. See State v. Spell, supra, and State v. Spears, supra.
See also State v. Bridges, 444 So.2d 721 (La.App. 5th Cir.1984).
Accordingly, we find no error to review and affirm the defendant’s conviction and sentence.
AFFIRMED.