452 So.2d 251 (1984)
STATE of Louisiana
v.
William G. SMITH, a/k/a William Hart.
No. 83-KA-780.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1984.
*252 John M. Mamoulides, Dist. Atty., James Maxwell, Asst. Dist. Atty., William C. Credo III, Asst. Dist. Atty., Gretna, for appellee.
Martha E. Sassone, Indigent Defender Board, Gretna, for appellant.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
On August 14, 1980, William C. Smith a/k/a William Hart, was charged by a bill of information for the offense of aggravated battery (Louisiana Revised Statute 14:34). Subsequently, on July 18, 1983, defendant entered a plea of guilty to a charge of second-degree battery (Louisiana Revised Statute 14:34.1). On September 21, 1983, defendant was sentenced to serve five years to run consecutively with a life imprisonment sentence for second-degree murder imposed in proceeding in another division. Defendant appeals from his five-year sentence for second-degree battery.
One assignment of error was filed in the trial court pursuant to Louisiana Code of Criminal Procedure article 844:
The Trial Court committed reversible error in sentencing the defendant to a term of five years at hard labor which sentence is excessive.
However, in defense counsel's brief filed with this appellate court, the following was stated as the only assignment of error:
The sentencing judge's lack of compliance with the sentencing guidelines under the C.Cr.P. Article 894.1 precluded the defendant from receiving full consideration of the sentencing criteria set forth in Article 894.1 and from receiving the consideration of the minimum sentence allowed by law for a conviction for attempt (sic) armed robbery. (Emphasis our own)
The assignment of error designated in the trial court record is inconsistent with defense counsel's briefed assignment of error. More importantly and quite seriously, the assignment of error specified in the brief is not responsive to the offense for which defendant was charged. Despite these discrepancies, we will review defendant's *253 sentence for excessiveness.[1] We review this assignment of error because under the facts of this case the obvious substance of these two assignments of error is a claim that defendant's sentence is excessive in violation of Article I § 20 of the 1974 Louisiana Constitution.
Louisiana Constitution Article I § 20 explicitly prescribes the imposition of excessive punishment. Supreme Court decisions have interpreted this section as permitting review of whether a sentence of a particular offender is excessive though within the statutory prescribed range. State v. Smith, 433 So.2d 688, 698 (La. 1983); State v. Guajardo, 428 So.2d 468, 472 (La.1983); State v. Telsee, 425 So.2d 1251, 1253 (La.1983). Intertwined with appellate review of a sentence for excessiveness is review of the record to ensure that the trial court complied adequately with Louisiana Code of Criminal Procedure article 894.1 and accorded proper weight to all the relevant sentencing factors. State v. Smith, 433 So.2d 688, 698 (La.1983); State v. Tompkins, 429 So.2d 1385 (La.1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in Louisiana Code of Criminal Procedure article 894.1, the record must reflect that he adequately considered these guidelines and particularized the sentence to the defendant. State v. Smith, supra. A sentence will be deemed excessive where it is "grossly out of proportion to the severity of the crime," or where it is "nothing more than the purposeless and needless imposition of pain and suffering." State v. Smith, supra; State v. Arcana, 423 So.2d 1136, 1137 (La.1982). After carefully reviewing the record and applying these principles, we do not find defendant's sentence unconstitutionally excessive.
Firstly, we determine whether the trial court adequately complied with Louisiana Code of Criminal Procedure article 894.1. Rather than articulate any reasons for his sentence as required by Louisiana Code of Criminal Procedure article 894.1[2], the trial court merely made defendant's pre-sentence investigation a part of the record.
Although the trial court failed to comply with Louisiana Code of Criminal Procedure article 894.1 by providing some reasons for its maximum sentence, there are facts in the record, nevertheless, that allow us to make an independent determination of whether this sentence is excessive. Pertinent to our determination are the following facts:
On July 12, 1980, several Jefferson Parish Sheriff's deputies were called to Herb and Gerrie's Lounge in Marrero to investigate an earlier disturbance at another lounge. When one of the officers asked defendant to step outside to answer questions, defendant used abusive language and struck the officer in the face. A struggle ensued which eventually involved the calling in of other officers before defendant could be subdued. The record reflects approximately ten deputies were required to subdue defendant. When finally contained and placed in the patrol unit, defendant kicked the rear right passenger window out. During the struggle, officers and defendant Smith were injured.
Defendant is a 26-year-old man with an adult record of convictions for burglary, jail escape, and second-degree murder. Defendant also has numerous arrests. He has a high-school education and no apparent juvenile record. He denies he has any drug or alcohol-related problems. He has had sporadic employment as a welding snubber. Considering the severity of defendant's offense and his past criminal record, we do not find the maximum sentence of five years for second-degree battery *254 excessive. Defendant's sentence of five years for second-degree battery is affirmed.
AFFIRMED.
BOWES, Judge, concurring.
Although I agree with the result reached by the majority in affirming the sentence of the trial judge in this case, I cannot embrace the entire contents of their opinion.
The majority alludes to what it calls the "general rule" in footnote # 1 of the opinion, to wit, "that an assignment of error lodged in the trial court which is not briefed or orally argued is considered abandoned." In my opinion, this is not a "general rule" but one of the Uniform Rules of the Courts of Appeal (Rule 2-12.4), which have been adopted by this Court and recently followed by two panels of this Court (see below). In addition, they concede that the assignment designated in the trial court is inconsistent with the assignment that was briefed and that the briefed assignment is not responsive to the offense for which defendant was charged. Yet, they go on to consider assignments of error which are not properly before the court.
In truth and in fact, the assignments reviewed were either lodged in the trial court and not briefed [thereby considered abandoned under Courts of Appeal Rule 2-12.4, State v. Dirden, 430 So.2d 798 (La. App. 5th Cir.1983) and State v. Laddin, 449 So.2d 691 (La.App. 5th Cir.1984)] or briefed, but not lodged in the trial court [improperly before this court in accordance with State v. Lavene, 343 So.2d 185 (La. 1977); State v. Sonnier, 441 So.2d 359 (La.App. 5th Cir.1983); State v. Laddin, supra, and cases cited therein].
Since two separate panels of this Court (State v. Dirden, supra, panel composed of Judges Boutall, Kliebert and Grisbaum; and State v. Laddin, supra, panel composed of Judges Bowes, Gaudin and Dufresne) have recently espoused and enforced the above rule, as well as at least one other Court of Appeal [see State v. Triplett, 434 So.2d 1270 (La.App. 1st Cir. 1983) ], and the Louisiana Supreme Court [State v. Dewey, 408 So.2d 1255 (La.1982) and cases cited therein], I am of the opinion that the majority erred in not doing the same thing. It is conceivable to me that these strongly embraced rules could be departed from for an urgent reason, such as a case involving a death sentence, or an extremely heavy one, but not for the reasons given here.
However, my most serious objection to the majority opinion is that it permits and approves of the trial judge merely making the defendant's Pre-Sentence Investigation Report (hereinafter referred to simply as P.S.I. report) a part of the record as his reasons for sentencing, in lieu of specifically articulating any reasons whatsoever for imposition of the sentence assessed upon the defendant. I believe that such a practice is an abrogation of the trial judge's duty and obligation, specifically imposed upon him by Article 894.1, C.Cr.P. This article is clear and unambiguous and mandates that the trial judge "state" his reasons. The necessity and importance of this requirement become obvious when one realizes that by merely alluding to the P.S.I. report (and not stating what factors were considered in arriving at the sentence), the sentencing judge has delegated to the reviewing court his obligation and forces upon them the necessity of "drawing conclusions" from the facts presented by the P.S.I. report, in order to address a claim of excessive sentence. This, in my opinion, is a very poor substitute for what was in the trial judge's mind and does not comply with the law.
Finally, I note that Article 877 of the Louisiana Code of Criminal Procedure mandates that the P.S.I. report "shall be privileged and shall not be disclosed directly or indirectly....", except to a limited number of designated persons. In my view, by simply including the report in the trial record, without ordering it to be sealed, the trial judge has clearly violated the mandate of Art. 877 and the rights of privacy of the sources of confidential information in the report (see Official Revision Comment to *255 C.Cr.P.Art. 877). This practice will soon thoroughly destroy any confidentiality in such a report and inhibit the flow of confidential information to the Probation Officer completely.
Accordingly, I would remand this case to the trial court with instructions to articulate his reasons for the sentence imposed for at least minimal compliance with Art. 894.1. I would give further instructions that if he wished to include the P.S.I. report in the record as part of his reasons that he order it sealed and not to be opened except on his written order or the written order of an appellate court, depending upon which court has jurisdiction. However, I wish to make it clear that, in my opinion, the Appellate Court has an absolute right to obtain the P.S.I. report for it's confidential review upon it's own order.
Although I have the serious disagreements mentioned above with the majority, I do agree with their conclusion that the facts made available to us in this record fully support the sentence imposed and it is certainly not excessive.
NOTES
[1] The general rule is an assignment of error lodged in the trial court which is not briefed or orally argued is considered abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975); See Uniform RulesCourts of Appeal, rule 2-12.4; State v. Becnel, 441 So.2d 339 (La.App. 5th Cir.1983).
[2] Louisiana Code of Criminal Procedure article 894.1 states in part the trial court should: "state for the record the considerations taken into account and the factual basis therefor in imposing sentence."