BOUTALL, Judge.
Appellant, Andrew Kelly, Jr., was charged by Bill of Information with violation of La.R.S. 14:62.2, simple burglary of an inhabited dwelling. After withdrawing a plea of not guilty to that charge, appellant pleaded guilty to the lesser included offense of simple burglary. After a pre-sentence investigation, appellant was sentenced to six years in the custody of the Department of Corrections. Defendant appealed, alleging as error that the trial court’s sentence was excessive. We find no merit in the allegation.
The sentence is affirmed.
Facts:
During the late evening of April 23,1983, the appellant went to the Travel Lodge Motel in Marrero, Louisiana to meet some friends. At approximately 11:55 p.m. he passed by Room 308, and, believing it to be unoccupied, he entered and started to rifle the contents of a suitcase located therein. When one of the tenants of the room, Mrs. Cheramie emerged from the dressing area, she screamed. The appellant fled, snatching the victim’s purse from the dresser as he left.
Alerted by the screams, Mr. Cheramie and an off-duty police officer who was in the vicinity gave chase. The appellant was apprehended in the motel parking lot. All of the victim’s property was recovered.
Appellant designated in his allegations of error filed with the trial judge pursuant to La.C.Cr.P. art. 844, that the trial judge committed reversible error by imposing an *642 excessive sentence. However, appellant failed to brief or argue this assignment of error.
It is well settled that an assignment of error which is not briefed is considered abandoned. See rule 2-124 Uniform Rules of the Court of Appeal; State v. Triplett, 434 So.2d 1270 (La.App. 1st Cir.1983); State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983). Therefore the court will not consider this assignment.
Although appellant abandoned that assignment of error, he did argue in his brief, for the first time, that the sentencing judge failed to comply with the sentencing guidelines of La.C.Cr.P. article 894.1. This assignment of error was not lodged in the trial court pursuant to La.C.Cr. art. 844. Rather, the defense incorporated it into the brief filed with this court.
L.S.A.-C.Cr.P. article 844 provides:
The party appealing shall designate, in writing, those errors which are to be urged on appeal. This assignment of error shall be filed within the time specified by the trial judge, but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
The trial judge may submit such per curiam comments as he desires.
In State v. Lavene, 343 So.2d 185, 187 (La.1977) the Louisiana Supreme Court held: “[Assignments of error are designations in writing of the errors to be urged on appeal and are to be filed with the trial court, which may submit per curiam comments. [Citation omitted]. Except for ‘patent error’, the reviewing court may consider only errors so designated. [Citation omitted].” See also State v. Spell, 399 So.2d 551 (La.1981) and State v. Spears, 350 So.2d 603 (La.1977).
Defendant briefs an assignment of error that was not lodged with the trial court as per article 844, therefore it is not properly before the court. Nevertheless we are constrained to recognize errors patent. Additionally we are inquiring into the matter due to the obvious confusion noted in appellant attorney’s brief, where the attorney insists on alluding to the defendant’s conviction for “attempted armed robbery.” With the above in mind, defendant’s proposition was examined.
The record reveals that the trial judge iterated his reasons for sentencing in remarkable detail, alluding to multiple art. 894.1 facts. The trial judge fully and thoroughly complied with the guidelines established by art. 894.1.
The sentence is affirmed.