524 So.2d 1254 (1988)
STATE of Louisiana
v.
Donald James GUIDRY.
No. CR 86-1275.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
Charles Scott, Alexandria, for defendant-appellant.
Michael Shannon, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX and LABORDE, JJ., and CULPEPPER[*] J. Pro Tem.
DOMENGEAUX, Judge.
On May 12, 1986, the defendant, Donald James Guidry, pled guilty to one count of possession with intent to distribute lysergic acid diethylamide (LSD) a Schedule I controlled dangerous substance and one count of distribution of marijuana, violations of La. R.S. 40:966. On July 28, 1986 defendant was sentenced to serve five years at hard labor on each count, the sentences to run concurrently. Defendant appeals contending that his sentences are excessive.
The defendant, because the two above referenced crimes were committed on separate occasions, was billed separately for each crime. Although the issues on appeal are identical and will all be addressed in this opinion, a separate decree will be rendered this day in the case entitled State v. Guidry, 524 So.2d 1255 (La.App. 3d Cir. 1988).

ASSIGNMENT OF ERROR NO. 1
By this assignment of error the defendant contends that the Trial Court erred in sentencing him to an excessive sentence, a violation of the Louisiana Constitutional mandate against cruel, unusual or excessive punishment.[1] La. Const. Art. *1255 I § 20 (1974). A sentence is excessive if it is grossly disproportionate to the severity of the crime or if it is nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982).
Trial judges have broad discretion in determining the sentence a defendant should receive. A trial judge's determination should not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2nd Cir.1983).
The defendant, a twenty-six year old first offender, pled guilty to two violations of La.R.S. 40:966 and could have been sentenced to a maximum of ten years on each charge. Defendant received two five year sentences to be served concurrently.
In State v. Bohanna, 491 So.2d 756 (La. App. 1st Cir.1986) the defendant was sentenced to concurrent five year sentences for the distribution of marijuana and the distribution of cocaine. Bohanna's sentence was upheld, even though he was a first felony offender with three dependents, because he was caught dealing only a small amount of drugs.
In State v. Quimby, 419 So.2d 951 (La. 1982) the defendant was convicted of manufacturing methamphetamine. Quimby was sentenced to nine years. The appellate court upheld Quimby's sentence in the face of an excessiveness challenge even though defendant was a first time felony offender.
The defendant's youth and his first offender status are mitigating factors. The case law, however, provides support for imposing lower to middle range terms of imprisonment on defendants who are youthful and who are first time offenders.
The defendant's midrange sentences are not grossly out of proportion to the severity of the crime nor are they needless inflictions of pain and suffering. The defendant's conduct amounted to serious violations of our criminal laws and his sentences are, therefore, not excessive. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
In the body of defendant's brief, but not in his assignments of error, he contends that the Trial Court failed to comply with La. Code Crim.Proc. art. 894.1.
In State v. Laddin, 449 So.2d 691 (La. App. 5th Cir.1984), a case very similar to the instant case, the defendant also did not submit in his formal assignments of error the issue that the trial court failed to comply with article 894.1. He, as did the instant defendant, did, however, raise the issue in his brief. The Louisiana Fifth Circuit relying on La. Code Crim.Proc. art. 844 determined that the issue was not properly before the Court.
The issue in the instant case is the same as in Laddin. Defendant's brief raises the argument that the Trial Court did not comply with article 894.1, but the defendant failed to specify this issue in his assignments of error. This issue is, therefore, not properly before the Court. See also, State v. Lavene, 343 So.2d 185 (La. 1977).
For the above and foregoing reasons the sentence of Donald James Guidry is affirmed.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.