296 So.2d 280 (1974)
STATE of Louisiana
v.
Joseph MELTON, Jr.
No. 54343.
Supreme Court of Louisiana.
June 10, 1974.
*281 Murphy W. Bell, Director, Woodson T. Callihan, Jr., Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant, Joseph Melton, Jr., was charged by bill of information with violation of R.S. 14:64, R.S. 14:27, attempted armed robbery. On February 22, 1973, a twelve member jury found defendant guilty. On November 23, 1973, defendant was sentenced to be committed to the custody of the Louisiana Department of Corrections and confined for a period of twenty (20) years at hard labor, without benefit of parole, probation or suspension of sentence.
No bills of exceptions were reserved at trial. Defendant relies upon two bills reserved after conviction but prior to sentence.
Bill of Exceptions No. 1
This bill was reserved when the trial judge denied a defense motion styled "Motion for the Production of Evidence" which was filed by the defendant after conviction but prior to sentencing. The motion requested production of a palm printed lifted from the front door of the automobile being driven by the victim at the time of the attempted armed robbery. An evidentiary hearing was conducted by the trial judge following which the motion was denied and Bill of Exceptions No. 1 was reserved.
The trial judge denied the motion after it was pointed out by the assistant district attorney that the existence of the palm print was made known to the jury, as was the fact that the palm print did not match those taken from the defendant after his incarceration. Since the declared purpose of the Motion to Produce Evidence was to assist in the preparation of a Motion for a New Trial on the ground of newly discovered evidence, the trial judge denied the motion.[1]
*282 It is clearly the law that the prosecution may not suppress evidence favorable to the accused without violating his Constitutional right to due process of law. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In this case, however, the evidence favorable to the accused was brought out at the trial and was considered by the jury. The jury was advised by the prosecutor that the palm print found on the car door did not match that of the defendant. Thus the defendant had the advantage of whatever exculpatory effect this information might have with the jury. It was not newly discovered evidence sufficient to warrant the granting of a new trial. La.C.Cr.P. Art. 851. The bill is without merit.
Bill of Exceptions No. 2 was reserved to the denial of defense counsel's Motion for a New Trial. Three grounds were alleged in support of the motion: 1) The verdict is contrary to the law and the evidence in that there was no evidence of the use of force or intimidation by the accused at the time of the alleged offense, and no evidence of the use of a dangerous weapon; 2) the prosecution systematically excluded blacks from the jury through the use of its peremptory challenges; and 3) the identification procedure used was unduly suggestive.
The first ground cannot be serious. The evidence established that the perpetrator of this offense walked up to a car in which three girls were seated and reached in and tried to snatch a purse. When the girls began rolling up the window and started the car, he pulled a pistol and shot one of the victims. Thus, both challenged elements of the crime were clearly established.
The charge that the prosecution used its peremptory challenges to exclude blacks from the jury does not present any grounds for a new trial. The United States Supreme Court has clearly stated that it will not look behind the exercise of peremptory challenges for motive. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Cf. United States v. Pearson, 448 F.2d 1207 (C.A. 5th 1971); State v. Gray, 285 So.2d 199 (La.S.Ct. 1973). In fact, it was stipulated that one of the jurors in the present case was black.
The final ground urged in support of defendant's motion for a new trial was that the identification procedures employed by the police in the present case were so impermissibly suggestive as to constitute a violation of the due process mandate. In determining whether due process of law has been afforded in an identification procedure, the test set forth by the United States Supreme Court is whether, under the totality of the circumstances, the procedure employed was so impermissibly suggestive that the result was a substantial likelihood of misidentification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L. Ed.2d 401 (1972); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968); Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
Unfortunately, such a determination is impossible under the record before this Court. None of the trial testimony of the witnesses has been included from which an analysis of the independence of the identification can be ascertained.
From the briefs and the argument on the motion for a new trial, it appears that one or more of the victims were shown a photographic display from which they identified the defendant. The victims later viewed a line-up from which they *283 identified the defendant. Defense counsel asserts that since the defendant was the only common participant in the two identification procedures, his identity as the perpetrator of the crime was suggested to the victims.
While the identification procedures employed were not, perhaps, ideal, there has been no showing of any substantial likelihood of misidentification, the crucial inquiry under the United States Supreme Court cases cited. It is not alleged that the police attempted to influence the victims in their selections or that the victims at any time wavered in their identifications. Cf. Foster v. California, supra. In the absence of such allegations, it cannot be said that the trial judge erred in refusing to grant a new trial. This bill does not demonstrate reversible error.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] In denying the motion, Judge Covington assigned the following reasons:

"Gentlemen, my recollection is, though I couldn't tell you verbatim, it was explicit in the testimony of the witnesses that the perpetrator of this alleged crime walked up there and he touched the right front door. Also explicit in that same testimony was the fact that they dusted that area and did in fact pick up a palm print a print of some kind. I think that's explicit to what was brought out in the witness chair. The jury heard it. Your motion is overruled." (Record, p. 30-31).