444 So.2d 721 (1984)
STATE of Louisiana
v.
Wayne BRIDGES.
No. 83-KA-442.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1984.
*722 John M. Mamoulides, Dist. Atty., Gerald Alonzo, William C. Credo, III, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Joseph J. Tosh, Gretna, for defendant-appellant.
Before BOUTALL, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
In a two count bill of indictment filed December 18, 1981, defendant Wayne Bridges was charged with armed robbery (LSA-R.S. 14:64) and second degree murder (LSA-R.S. 14:30.1). The second count was dismissed on October 5, 1983. Along with co-defendant, Kamurt Bridges, he was arraigned on January 20, 1982, at which time a plea of "not guilty" was entered on Wayne Bridges' behalf. On September 8, 1982, following pretrial motions, a twelveperson jury was selected and trial commenced on the armed robbery count of the indictment. On September 10, 1982, the jury returned a verdict of guilty of armed robbery. Following post-trial motions, on November 22, 1982, the defendant was sentenced to twenty-five years at hard labor. It is from this conviction and sentence Wayne Bridges appeals.
At approximately 4:30 p.m. on the evening of November 20, 1981, three black males entered a Shoe Town off Jefferson Highway in Jefferson Parish, Louisiana. Present in the store were the store manager, Jesse Tate; two cashier-salesgirls, Martha Mitchell and Melanie Grego; a security guard, Mr. Desmeaux; and two unidentified stock persons. One of the black males moved toward the sock counter. When approached by the store manager, he asked if the socks came in any colors other than those displayed, whereupon Mr. Tate responded that he would go to the back of the store to get another box of socks. After Mr. Tate left the area, the subject then selected one pair of socks from the display and approached the cash register. The cashier, Martha Mitchell, rang up the sale. As she opened the register to deposit the two dollars proffered by Kamurt and give him change, he shoved her aside and grabbed the money from the cash drawer. While the subject was at the register, the two confederates, one of whom was identified as Wayne Bridges, disarmed the security guard. The three men, waving the stolen gun, then fled from the store.
Based upon the descriptions received from persons in the store and from Vincent Grego (husband of the cashier, Melanie), who observed the perpetrators standing in the street prior to the robbery, photo lineups were prepared. Wayne Bridges was included in one of the lineups not only because of his physical description but also because a Debbie Waldron named Wayne Bridges as a person she had seen approximately one week earlier break into a car in the Shoe Town area.
Wayne Bridges was identified by Melanie Grego and her husband, Vincent Grego. A third person was also identified but was found to have been in jail at the time of the robbery.
A subsequent search of Wayne Bridges' residence revealed a "bebop" cap similar to that worn by one of the perpetrators of the offense.
At trial, alibi defenses were presented for both Wayne Bridges and his co-defendant. Mrs. Bertha Bridges, mother of both defendants, testified that on the day of the robbery Wayne Bridges had gone to Mississippi to attend a party. Both Pat Bridges, the sister of the defendants and Altha Rogers, a fifteen year old friend of Mrs. Bridges from Mississippi, corroborated the alibi testimony.
Defendant appeals the conviction, asserting the four assignments of error filed in *723 an original and supplemental brief as follows:
(1) That the trial court committed reversible error in denying defendant's motion for acquittal;
(2) That the trial court committed reversible error in sentencing the defendant to a term of twenty-five years at hard labor, which sentence is excessive;
(3) That the grossly incomplete trial transcript was submitted by the clerk of court, which created reversible error; and
(4) That the trial court committed reversible error in denying defense counsel's motion for a new trial.

ASSIGNMENT OF ERROR NO. 1
Appellant failed to brief the first assignment of error. In this regard, the jurisprudence has consistently held that assignments of error neither briefed nor argued are to be considered abandoned. State v. Perry, 420 So.2d 139 (La.1982); State v. Williams, 418 So.2d 562 (La.1982); State v. Lewis, 416 So.2d 921 (La.1982). For this reason, Assignment of Error No. 1 will not be addressed.

ASSIGNMENT OF ERROR NO. 2
On the second assignment of error, defendant-appellant urges that the twentyfive year sentence for armed robbery is excessive. Appellant asserts that the trial court failed to follow the guidelines for sentencing set forth in LSA-C.Cr.P. art. 894.1 and that the sentence far exceeds the penalties imposed for similar offenses. As authority for this two-pronged argument, the defense cites State v. Sepulvado, 367 So.2d 762 (La.1979) and State v. Telsee, 425 So.2d 1251 (La.1983).
State v. Sepulvado, supra, and its progeny have held that although a sentence falls within statutory limitations, there can still exist a violation of the defendant's constitutional right against excessive punishment. For that reason, the court held that it is incumbent upon the trial court to consider not only the aggravating factors of the offense, but the mitigating factors determined by a review of the defendant's previous history and that the guidelines set forth in Article 894.1 provide the appropriate criteria by which a sentence can be reviewed for excessiveness even within statutory limits. On the other hand, State v. Lanclos, 419 So.2d 475, 477-478 (La. 1982) held that a trial court's failure to comply with Article 894.1 does not automatically render a sentence invalid as "compliance with its provisions is not an end in itself." The court further held that remand is unnecessary if the record clearly shows an adequate factual basis for the sentence imposed. In State v. Telsee, supra, cited by appellant, the court determined that the goal of Article 894.1 is to tailor the sentence to the defendant and to the specific crime. The nature of the offender and his offense must be determined and then a comparison of this punishment with that imposed for similar offenses in the same jurisdiction and in others. However, the approach set forth in Telsee appears to have lost some predominance in the determination of an appropriate sentence.
In the decisions promulgated on September 3, 1983 by the Louisiana Supreme Court, three cases were reviewed for excessive sentence and the Telsee approach was not applied. In State v. Joseph, 437 So.2d 280 (La.1983), the defendant's sentence of fifty years was affirmed after a review of the facts of the case and of the defendant's prior history. The court found that the sentence was not excessive on its face and within the trial court's discretion.
The two other cases deal with simple burglary[1] and manslaughter[2]; however, in the review of the sentence, the approach taken by the court was that the facts supported the sentence and there was no abuse of discretion by the trial court.
A twenty-five year sentence for armed robbery was upheld in State v. Square, 433 So.2d 104 (La.1983), although this was the *724 twenty-three year old defendant's first conviction since the court again found no abuse of the wide discretion afforded the trial court.
In State v. Smith, 433 So.2d 688 (La. 1983), the court had before it the imposition of a sixty year sentence for a carefully planned and well executed armed robbery. The facts of the Smith case were, however, particularly heinous and the long sentence was justified in order to prevent the early release of what could be considered a master criminal.
One case in which the court vacated a twenty-five year sentence as excessive is State v. Robicheaux, 412 So.2d 1313, 1320 (La.1982). There the court found no reasonable basis for the twenty-five year sentence for armed robbery. Defendant, in that case, mugged a pedestrian for a gold chain and medallion which was yanked from the victim's neck. The court noted that the robbery of a convenience store "has more earmarks of habitual criminal activity" then a mugging, and further took into account a more positive prior history reflected by the defendant.
In the instant case, as noted by the court, there appeared to be a systematic plan utilized by the three perpetrators. Upon their entrance, the three took their assigned positions. One moved behind the security guard, another near a clothing rack, but still behind the guard, and the third inquired as to colors of the socks on display. The male store manager was sent to the back of the store on a pretext of desiring a greater selection of socks. This left the female cashier, a saleswoman and the security guard in the immediate area. As the apparent spokesman for the trio feigned payment of merchandise for socks he had selected, the other two perpetrators overpowered the security guard, pulling his arms behind his back and relieving him of his weapon. After the gun had been taken, the spokesman shoved the cashier aside and grabbed the money out of the opened register. The three then moved towards the door with the defendant pointing the gun at the store personnel, thereby perfecting their escape with the money. The operation required a fair degree of teamwork and coordination and, therefore, the robbery could not have been accomplished without prior contrivance.
In addition, the trial court noted two previous arrests, resulting in a conviction for a reduced charge. The report of the pre-sentence investigation had also been reviewed by the trial court which apparently gave rise to his appraisal that the defendant exhibited minimal societal standards of behavior.
Appellant, however, submits that the trial court did not comply with Article 894.1 in that there was only speculation as to the defendant's future behavior in the event that a "light sentence" were to be imposed. In its sentencing colloquy, the trial court states as follows:
"You have had some problems in your juvenile career. This was a deliberate plan to arm-robbery with three or four men involved.
"You have previously been arrested on simple battery and simple robbery charges and you have been convicted ofthey reduced that charge to theft of under $100 and you did six months in parish prison.
"It is obvious to me, Mr. Bridges, that although your record indicates that you have some ability, that you don't intend to use that ability in any way except for the way you see fit. If I give you a light sentence all it is going to do is put you back on the street earlier so that you can go about doing what you want to do. I believe that any minor sentence in this matter would not be commensurate with the crime involved in this planned armed robbery, a definite plan worked out for armed robbery."
Our review of the record indicates that while the trial court may not have been in full compliance with LSA-C.Cr.P. Art. 894.1, we find no abuse of discretion in the imposition of the twenty-five year sentence. The guidelines of Article 894.1 should be referred to if the sentence appears to be excessive on its face in relation *725 to the crime and the offender; however, this is not the situation in the case before us. Further, the record supports the sentence.

ASSIGNMENT OF ERROR NO. 3
By this assignment, the defense asserts that "a grossly incomplete transcript of the trial was submitted by the clerk of court which created reversible error." However, Assignments of Error Nos. 3 and 4 were not filed in the district court, but rather were incorporated in a supplemental brief filed November 30, 1983 (the day before oral argument); although a separate sheet labeled "Assignment of Errors" was also filed.
LSA-C.Cr.P. art. 844 provides:
"The party appealing shall designate, in writing, those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge, but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
"The trial judge may submit such per curiam comments as he desires."
In State v. Lavene, 343 So.2d 185, 187 (La.1977), the Louisiana Supreme Court stated, "[a]ssignments of error are designations in writing of the errors to be urged on appeal and are to be filed with the trial court, which may submit per curiam comments. LSA-C.Cr.P. art. 844 (1974). Except for `patent error', the reviewing court may consider only errors so designated. LSA-C.Cr.P. art. 920(1)." (Emphasis added). See also State v. Spell, 399 So.2d 551 (La.1981) and State v. Spears, 350 So.2d 603 (La.1977).
Similarly, in discussing whether an assignment of error appearing for the first time in brief would be considered, Judge Edward A. Dufresne, Jr. in State v. Sonnier, 441 So.2d 359, 360 (La.App. 5th Cir.1983) stated:
"Since the defendant did not submit the issue by formal assignment of error, caselaw indicates the matter is not properly before the court for review. See State v. Spell, 399 So.2d 551 (La.1981) and State v. Spears, 350 So.2d 603 (La. 1977).
"Accordingly, pursuant to article 920, the excessiveness issue need only be considered if it falls into the category of `error patent'."
Since the error related in Assignment of Error No. 3 relates to an issue not patent error, we cannot now consider it; however we find that the issue in Assignment of Error No. 4 is reviewable.[3]

ASSIGNMENT OF ERROR NO. 4
In argument, appellant contends that an essential element of the crime of armed robbery was not proved at trial, i.e., that the robbery was committed while the defendant was armed with a dangerous weapon under LSA-R.S. 14:64. LSA-R.S. 14:64 states that "[a]rmed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
In State v. Melton, 296 So.2d 280 (La.1974), the defense appealed the denial of his motion for a new trial. He alleged that, although he was charged and convicted of attempted armed robbery, there was no evidence of the use of force or intimidation by the defendant at the time of the alleged offense as there was no evidence of the use of a dangerous weapon. The court held that:
"The first ground cannot be serious. The evidence established that the perpetrator of this offense walked up to a car in which three girls were seated and reached in and tried to snatch a purse. When the girls began rolling up the window and started the car, he pulled a pistol and shot one of the victims. Thus, *726 both challenged elements of the crime were clearly established." Supra at page 282.
The facts of Melton are analogous to those of the instant case in which the gun was not used for force or intimidation until after the money was in the possession of the perpetrators. Further analogy can be drawn from the aggravated burglary statute, LSA-R.S. 14:60, which provides that even if the offender arms himself with a dangerous weapon after entry, this would constitute an aggravated burglary. As explained at 77 C.J.S. Robbery § 25, citing various cases at common law:
"[T]he robber need not be armed at all times during the robbery in order to be guilty of robbery in the first degree, he is guilty of robbery in the first degree if he arms himself or becomes armed with a deadly weapon at any time during the progress of the taking or while the robbery is being perpetrated, [footnote omitted] and in this connection the crime of robbery is not completed the moment the stolen property is in the possession of the robbers, but may be deemed to continue during their attempt to escape. [footnote omitted]."
In the instant case, the three armed themselves not so much to take possession of the money, but to ensure that they could get away without resistance from the victims. As a result, the three victims were placed in jeopardy of greater bodily injury because the suspects were now armed. In our opinion, the money was taken by virtue of physical force or intimidation and the final step in the series of events or res gestae was perfected by the use of the gun. It should be noted that the security guard's gun was not stolen to be pocketed by the defendants, but rather was implemented in the course of their crime. Thus, we conclude that the elements of armed robbery have been met.
Therefore, after a review of the law and the record, for the foregoing reasons, the conviction of armed robbery and twentyfive year sentence is hereby affirmed.
AFFIRMED.
NOTES
[1] State v. Laprime, 437 So.2d 1124 (La.1983)
[2] State v. Smith, 437 So.2d 252 (La.1983)
[3] LSA-C.Cr.P. art. 920 states, in pertinent part, that "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings" shall be considered on appeal.