529 So.2d 154 (1988)
STATE of Louisiana
v.
Robert ODOM and Kenneth L. Hines.
No. KA 8046.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for the State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GULOTTA, C.J., GARRISON and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendants, found guilty of armed robbery in violation of LSA-R.S. 14:64, appeal from denials of a motion for a mistrial based on improper remarks of the prosecutor during rebuttal argument and of a motion for a post verdict judgment of acquittal.
On December 28, 1986, Gregory Hotaling went to 915 Dauphine Street, the home of Mary Coleman. Two men answered the door, one of whom Hotaling recognized to be Robert Odom. Hotaling was told Mary Coleman had gone to the store but would soon return and he entered the apartment. The men began beating Hotaling. They told him they were police officers, advised him of his rights and took his jewelry, wallet, watch and jacket. They took his bankcard and demanded to know his account access number. The defendants then tied Hotaling up, put a pillow case over his head and began to beat him with "num chuks." The beating lasted approximately one half an hour. One of the men poured gasoline over Hotaling and threatened to ignite it if he went to the police. They then led him to the street and released him.
*155 Hotaling went to the police who accompanied him first to the Dauphine Street apartment. Mary Coleman, who had returned, told police she found her apartment disheveled and bloody and she had cleaned it up. Hotaling found the num chuks behind the sofa. The parties then went to several French Quarter bars and found the defendants at Molly's Bar where Hotaling identified the defendants who were wearing his jacket and jewelry.
ERRORS PATENT
C.Cr.P. art. 873 provides for a twenty four hour delay after the denial of a motion in arrest of judgment before sentence is imposed. In this case, the defendants filed a post verdict judgment of acquittal and they were immediately sentenced after the denial of the motion. Failure of the trial judge to observe this delay period is error patent, but it is harmless because the defendants have made no showing of actual prejudice. State v. Hancock, 502 So.2d 1098 (La.App. 4th Cir.1987); State v. Fraley, 499 So.2d 1304 (La.App. 4th Cir.1986), writ granted in part, denied in part 512 So.2d 856 (La.1987); State v. Smith, 499 So.2d 340 (La.App. 4th Cir. 1986), writ denied 503 So.2d 14 (La.1987).
ASSIGNMENTS OF ERROR
In a first assignment of error, defendants allege that the trial court erred in dening their motion for a mistrial based on prosecutor's comments in rebuttal argument. The prosecutor said:
"... One other thing I want to point out, ladies and gentlemen, Mr. Meyer, in his argument to you says, "I didn't want to ask him directly about when that was being used." Well, what does that say to you? Talk about deception. He's trying to beat this thing on a technicality. How many of you all have seen movies, television shows where you see a horrible crime unfold, some terrible rape or murder or anything like that, and then, it always seems like they get loose on some sort of technicality. An "I" wasn't dotted?"
The scope of closing argument is set forth in C.Cr.P. Art. 774 which provides:
(t)he argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The State's rebuttal shall be confined to answering the argument of the defendant.
The State maintains that the prosecutor's statement was proper because it rebutted the defense argument that the State was misleading the jury by arguing for an armed robbery verdict without establishing that the defendants were armed when the property was taken. Moreover, the State notes that immediately after defendants' objection to the statement, the trial judge admonished the jury to disregard the reference to "individuals getting off on technicalities."
Although the prosecutor's remark is obviously improper and beyond the scope set forth in C.Cr.P. Art. 774, before a reviewing court will overturn a verdict on the basis of such a remark, it must be convinced that the statement influenced the jury and contributed to the verdict. State v. Elzy, 451 So.2d 1167 (La.App. 4th Cir. 1984). Considering the prompt admonishment of the prosecutor by the judge, we conclude that the prosecutor's comments were not so influencial and prejudicial as to influence the jury and were not of sufficient magnitude to warrant reversal of defendants' conviction. State v. Franklin, 449 So.2d 63 (La.App. 4th Cir.1984).
In the second assignment of error, the defendants maintain that their motion for post judgment of acquittal was incorrectly denied because of insufficient evidence that they were armed during the robbery.
When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
*156 The denial of a motion for post judgment verdict of acquittal may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion. State v. Hargrave, 411 So.2d 1058 (La.1982); State v. Vaughn, 378 So.2d 905 (La.1979).
Defendants argue the State did not prove all the elements of C.Cr.P. Art. 14:64, armed robbery. Art. 14:64 requires: 1) a taking 2) of anything of value 3) belonging to another 4) from the person of another or from his immediate control 5) by use of force or intimidation 6) while armed with a dangerous weapon. The defense points out that the defendants were armed with a dangerous weapon, the num chuks, only after they had taken Hotaling's property, not while the defendants were taking the property. Indeed, the victim never even saw the num chuks; he only assumed they were used because he heard one of the defendants refer to them and because he heard the clank of a chain.
In State v. Bridges, 444 So.2d 721 (La. App. 5th Cir.1984), the court upheld a verdict of armed robbery where one defendant approached a cashier and took cash from her while his accomplices disarmed the security guard. The three men then fled the store, waving the gun. The State argues that the Fifth Circuit considered the crime of armed robbery as a series of acts in a continuous transaction in Bridges just as the jury in the case at bar reasoned that the robbery began when the defendants attacked Hotaling and did not end until his release. Thus, the num chuks would fulfill the use of a dangerous weapon element.
We find Bridges to be distinguishable from the case at bar, however, in that the gun taken from the guard was used in the perpetrators' escape. The accomplished "taking" then would have involved the use of a dangerous weapon.
The defendants in this case having taken jewelry, wallet and jacket from the victim before the beating, asked him for his bank access number which he would not reveal. They then began beating him with num chuks hoping to beat the victim into telling his bank access number. Had the victim revealed his bank number, the defendants would have taken the money from his account. Thus defendants attempted to take Hotaling's money which was in his control from him by use of force.
La.R.S. 14:27 defines attempted crimes; it provides:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
* * * * * *
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
We find that the evidence in this case indicates that the defendants are guilty of attempted armed robbery, a lesser included offense, and we hereby modify the verdict and render a judgment of conviction on that charge. Accordingly, the verdict of armed robbery should be reduced to attempted armed robbery. State v. Lombard, 486 So.2d 106 (La.1986).
For the reasons assigned, the judgment of conviction is amended to attempted armed robbery and the sentence is set aside and the case remanded to the district court for resentencing.