WHIPPLE, J.
 

 | ¡.The defendant, Leon Brown, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. He entered a plea of not guilty. After a trial by jury, the defendant was found guilty as charged. The trial court denied the defendant’s motion for post verdict judgment of acquittal and motion for new trial. The defendant was sentenced to forty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. He now appeals, challenging the trial court’s special jury instruction on the elements of the offense and the sufficiency of the evidence. For the following reasons, we affirm the defendant’s conviction and sentence.
 

 STATEMENT OF FACTS
 

 On or about December 6, 2009, the defendant entered the Albertsons grocery store located on Government Street in Baton Rouge. He stood in line at the register in the customer service lobby and purchased a package of lunchmeat and a package of cheese. The defendant questioned the cashier, Lenazira Browden (the victim), regarding the cost of his purchase, and she began explaining the charges. The defendant leaned the upper portion of his body over the counter and forcefully grabbed approximately two hundred dollars in cash from the register, as the cashier struggled to gain control of the cash
 
 *299
 
 drawer. The defendant left the items on the customer service counter and fled.
 

 Browden began screaming and notified management. Several store employees were alerted that the robbery had occurred and chased the defendant to the store exit and into the parking lot. The defendant brandished a switchblade knife and warned the employees to “get back,” stating that the money did not belong to them personally. As one of the employees, Patrick Miller, got close to the defendant, the defendant punctured his chest with the knife. Marlon Lavine, a store manager, grabbed the defendant when they approached a dead-end or alley. laThe defendant tried to escape, attempting to climb over a fence. Lavine grabbed the defendant’s legs to prevent his escape. The defendant held onto the gate with one arm, turned back, and swung the knife toward Lavine with his other arm, but failed to make contact. The defendant lost his grip, fell, and dropped the knife. La-vine grabbed the knife, passed it to another store employee, and forcefully led the defendant back toward the store. The employees then physically restrained the defendant until Officer Thomas Gehling of the Baton Rouge City Police Department arrived.
 

 Officer Gehling took custody of the defendant, read his
 
 Miranda
 
 rights to him, and took possession of the knife. As a result of a search incident to the arrest, Officer Gehling recovered approximately two hundred dollars from the defendant’s front right pocket. Surveillance footage of record included the following: the defendant’s store entry, his customer service transaction, his confrontation with the victim and removal of the money from the cash register, his exit from the store, and the defendant being chased through the parking lot by store employees. The stabbing of Miller and restraint of the defendant were not captured by the surveillance cameras.
 

 ASSIGNMENT OF ERROR
 

 In the sole assignment of error, the defendant argues that the trial court erred in granting the State’s request for a special jury instruction providing, in part, that the jury need not find that the defendant was armed at all times during the robbery to find him guilty of armed robbery. The defendant further argues that the evidence was insufficient to prove all the elements of armed robbery beyond a reasonable doubt and that the trial court erred in denying the motion for post verdict judgment of acquittal. He argues that the evidence is clear that he did not use, or threaten to use force or intimidation while armed with a dangerous weapon, or lead the victim to believe that he was armed with a dangerous weapon. The ^defendant notes that the victim testified that there was no weapon exhibited to her during the robbery. He further notes that surveillance videos show that there was no use of a knife or threats during the commission of the robbery and that the witnesses first observed him with a knife when in the store’s parking lot.
 

 While noting that the trial court granted the State’s request for a special jury instruction based on prior jurisprudence in this court, the defendant argues that the instant case is distinguishable because he did not use a weapon against the person who was robbed, nor did he arm himself inside the store or brandish the weapon within the store to facilitate his escape. The defendant contends that by the time he brandished the knife in the presence of Miller and Lavine, the victim was safely inside the store. He argues that the allowance of the requested jury instruction constitutes a dangerous expansion of the case law in that this case involves no con
 
 *300
 
 nection between the weapon and the victim of the robbery.
 

 The standard of review for sufficiency of the evidence to support a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt.
 
 See
 
 LSA-C.Cr.P. art. 821;
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Johnson,
 
 461 So.2d 673, 674 (La. App. 1st Cir.1984). When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the trier of fact must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence.
 
 State v. Graham,
 
 2002-1492 (La.App. 1st Cir.2/14/03), 845 So.2d 416, 420. When a case involves circumstantial evidence and the trier of fact reasonably rejects a hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt.
 
 State v. Moten,
 
 510 So.2d 55, 61 (La.App. 1st Cir.),
 
 writ denied,
 
 514 So.2d 126 (La.1987).
 

 |,,Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:64 A. The testimony of the victim is sufficient to establish the elements of an offense.
 
 State v. Walder,
 
 504 So.2d 991, 995 (La.App. 1st Cir.),
 
 writ denied,
 
 506 So.2d 1223 (La.1987).
 

 When instructing a jury, the trial court must charge the jury as to the law applicable to the case. LSA-C.Cr.P. art. 802(1). Any jury instruction that relieves the State of its Fourteenth Amendment burden of proving every element of a criminal offense beyond a reasonable doubt is unconstitutional.
 
 State v. Code,
 
 627 So.2d 1373, 1384 (La.1993), cert.
 
 denied,
 
 511 U.S. 1100, 114 S.Ct. 1870, 128 L.Ed.2d 490 (1994);
 
 State v. Smith,
 
 05-951 (La.App. 5th Cir.6/28/06), 934 So.2d 269, 279,
 
 writ denied,
 
 2006-2930. (La.9/28/07), 964 So.2d 357.
 

 In this case, the victim was unaware of the fact that the defendant was armed with a knife. Lavine testified that the group of employees chased the defendant for approximately one-half mile past the store exit, noting that the store parking lot was fairly large. The defendant first brandished the knife at the beginning of the parking lot chase, as he told the group to let him go, “it’s not fall’s money, don’t worry about it.” As Miller passed Lavine during the chase, the defendant turned back and punctured his chest with the knife.
 
 [1]
 
 Miller specifically testified that he was attacked in the middle of the parking lot and that he did not see the knife while the defendant was in the store. Officer Gehling was recalled as the sole defense witness.
 

 At the State’s request, the instructions given to the jury included the following special jury instruction:
 

 |fiYou need not find that the accused was armed at all times during the robbery to find him guilty of armed robbery. If the defendant armed himself to facilitate his completion of the robbery or to insure that he could get away without resistance from the victim, or that he became armed in the final step in a series of
 
 *301
 
 events to facilitate his escape or the completion of the crime, you may consider him armed for the purpose of this statute.
 

 The State cited
 
 State v. Bridges,
 
 444 So.2d 721 (La.App. 5th Cir.1984), in support of its request for the above instruction.
 

 In
 
 Bridges,
 
 similar to the instant case, one of the perpetrators grabbed money from a cash drawer. While the subject was at the register, two other perpetrators disarmed the security guard. The three men, waving the stolen gun, then fled from the store. The court noted that the three men armed themselves not so much to take possession of the money, but to ensure that they could escape without resistance from the victims. The court found that the money was taken by virtue of physical force or intimidation and the final step in the series of events or res gestae was perfected by the use of the gun. The court noted that the security guard’s gun was not stolen to be pocketed by the defendants, but rather was implemented in the course of their crime. The court concluded that the elements of armed robbery were met in that case although a gun was not used for force or intimidation until after the money was in the possession of the perpetrators.
 
 Bridges,
 
 444 So.2d at 726. The court relied in part on
 
 State v. Melton,
 
 296 So.2d 280 (La.1974). The court noted that further analogy can be drawn from the aggravated burglary statute, LSA-R.S. 14:60, which provides that even if the offender arms himself with a dangerous weapon after entry, this would constitute an aggravated burglary.
 
 Bridges,
 
 444 So.2d at 725-726. Moreover, as set forth in 77 C.J.S. Robbery § 37 (2011), “The use of a dangerous weapon at any point in the robbery will constitute armed robbery as long as it reasonably can be said to be 17part of a single occurrence or continuous transaction. It is not required that the robber be armed prior to the robbery, as long as the robber is armed during the robbery or in flight therefrom.” (Footnotes omitted).
 

 Herein, the trial court used language from accepted jurisprudence to formulate the definition of armed robbery. The Louisiana Civil Law Treatise abundantly cites jurisprudence regarding the use of jurisprudential precepts as guidance in the formulation of jury instructions. Notably,
 
 Bridges
 
 is cited in the authors’ Comments on armed robbery.
 
 See Cheney C. Joseph and P. Raymond Lamonica, Criminal Jury Instructions,
 
 17 Louisiana Civil Law Treatise § 10.64 at 363 (2003). We find that the trial court’s use of the challenged instruction, considered in the context of the jury charge as a whole, did not serve to relieve the State from proving any element of the crime.
 
 [2]
 

 Moreover, we find no significance in the distinctions cited by the defendant regarding whether the use of the weapon occurred in the store or in the parking lot. The employees began chasing the defendant before he exited the store and there was no point during the ensuing chase that would have allowed the defendant to suddenly gain possession of the knife. The uncontested evidence shows that the defendant, though armed at all times during the offense, used the weapon not to take possession of the money he took from the cash drawer, but in an attempt to facilitate an escape, the final step in the series of events. Viewing the evidence presented in this case in the light most favorable to the State, we are convinced that any rational trier of fact could find that the evidence
 
 *302
 
 proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all of the elements of armed robbery.
 

 | ^Finding no merit to the assignment of error, we affirm the defendant’s conviction and sentence.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 GUIDRY, J., concurs.
 

 [1]
 

 . Portions of the parking lot surveillance footage depict a distant view of the group of employees chasing the defendant. The view is not close enough to allow an observer to detect small objects or observe all actions.
 

 [2]
 

 . We further note that our decision herein is consistent with this court's holding in its pri- or opinion of
 
 State v. White,
 
 2009 KA 1766, pp. 2-3 (La.App. 1st Cir.2/12/10), 2010 WL 532333 (unpublished),
 
 writ denied,
 
 2010-0582 (La.10/8/10), 46 So.3d 1263.