NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-172

STATE OF LOUISIANA

VERSUS

WILLIE CALVIN JONES, JR.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 306,514
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

**James C. Downs**
**District Attorney**
**Michael W. Shannon**
**Assistant District Attorney**
**Post Office Drawer 1472**
**Alexandria, Louisiana  71309**
**(318) 473-6650**
**Counsel for Appellee:**
  **State of Louisiana**

**Edward K. Bauman**
**Louisiana  Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
  **Willie Calvin Jones, Jr.**

**KEATY, Judge.**

Following a bench trial, Defendant, Willie Calvin Jones, Jr., was found guilty of attempted second degree murder, armed robbery, and possession of a firearm by a convicted felon. He was sentenced to a total of seventy years at hard labor. Defendant now appeals his armed robbery conviction. For the following reasons, we affirm.

**DISCUSSION**

*Procedural History*

On May 31, 2011, the State filed a bill of information charging Defendant and two co-defendants with attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1, and armed robbery, a violation of La.R.S. 14:64. The bill was subsequently amended several times, with the final March 5, 2013 amendment adding a charge of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1, and removing the names of the co-defendants.

Defendant waived his right to jury trial, and, following a September 19, 2013 bench trial, he was found guilty as charged on all three counts. On September 27, 2013, Defendant was sentenced to fifty years at hard labor for his attempted second degree murder conviction, ten years at hard labor for his armed robbery conviction, and ten years at hard labor for his felon in possession of a firearm conviction. The sentences were ordered to run consecutively.

Defendant now appeals, alleging that the evidence was insufficient to support his conviction for armed robbery.

*Facts*[1]

In late April 2011, the victim, Bernard Ellis, was in a Magic Mart convenience store in Alexandria, Louisiana, when he was confronted by Defendant and another man. Defendant threatened the victim before taking his watch, ring, and sixty dollars in cash. At some point during the incident, Defendant had a gun, although there was conflicting testimony regarding whether Defendant had a gun during the robbery or after it was over.

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we have discovered two potential errors patent.

Defendant was entitled to a jury trial in this case. *See* La.R.S. 14:27, 14:30.1, 14:64, 14:95.1, and La.Code Crim.P. art. 782. As amended in 2010, La.Const. art. 1, § 17 now provides, "[e]xcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable." In *State v. Bazile*, 12-2243 (La. 5/7/13), __ So.3d __, the supreme court interpreted "trial date" to mean the initial trial setting. In the present case, the initial trial setting was October 10, 2011, after the December 1, 2010, effective date of the forty-five day rule contained in La.Const. art. 1, § 17. Defendant waived his right to a jury trial on September 16, 2013, three days prior to the commencement of trial. Accordingly, there was a violation of the forty-five day rule of La.Const. art. 1, § 17.

---

[1] Although Defendant was also tried and convicted of attempted second degree murder and felon in possession of a firearm, the facts relative to those convictions are not pertinent to this appeal and will not be discussed herein.

2

In *State v. McKeel*, 13-855 (La.App. 3 Cir. 2/12/14), __ So.3d __, this court found the error in allowing the defendant to waive his right to trial by a jury in violation of the time period set forth in La.Const. art. 1, § 17 was harmless where the defendant did not object to the granting of the waiver. This court additionally noted the defendant did not assign as error or argue the jury waiver issue on appeal.[2] In the case at bar, Defendant has not assigned as error on appeal the jury waiver issue. Accordingly, we conclude that any error is harmless.

Louisiana Code of Criminal Procedure Article 780 was amended in 2013 to provide as follows:

> A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.
>
> B. The defendant shall exercise his right to waive trial by jury in accordance with Article I, Section 17 of the Constitution of Louisiana. The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel.
>
> C. With the consent of the district attorney the defendant may waive trial by jury within forty-five days prior to the commencement of trial.
>
> D. A waiver of trial by jury is irrevocable and cannot be withdrawn by the defendant.

The effective date of the amendment to La.Code Crim.P. art. 780 was June 17, 2013, after the amendment to La.Const. art. 1, § 17 and the *Bazile* ruling. Louisiana Code of Criminal Procedure Article 780 now requires a waiver of jury trial "not later than forty-five days prior to the date the case is set for trial." However, La.Code Crim.P. art. 780(C) allows a waiver *within forty-five days prior*

---

[2] *See also State v. Bourque*, 13-552 (La.App. 3 Cir. 12/18/13) (unpublished opinion).

3

*to the commencement of trial* with the consent of the district attorney. As previously mentioned, Defendant waived his right to a jury trial on September 16, 2013. Court minutes indicate Defendant was present in open court with his attorney when his right to a trial by jury was discussed and waived. There is no indication that the State objected to the waiver. For those reasons, we conclude that no violation of La.Code Crim.P. art. 780 occurred.

The requirement of La.Code Crim.P. art. 780 that the jury trial waiver be in writing was in effect at the time of the September 16, 2013 waiver in this case. There was no written waiver of jury trial; however, the record reveals that Defendant and his attorney told the trial judge in open court that Defendant wished to waive his right to jury trial. Defendant was sworn in and questioned by the trial court regarding his understanding of his right to a jury trial. Thereafter, the trial court allowed Defendant to waive his right to trial by jury, and the matter was reset for a bench trial.

In *State v. Bell*, 13-1443, pp. 2-3 (La.App. 3 Cir. 6/4/14), 140 So.3d 830, 832, this court held:

> The effective date of the amendment to Article 780 was June 17, 2013. Thus, the requirement that the jury trial waiver be in writing was in effect at the time of the August 5, 2013 waiver in this case. The record reveals no written waiver of jury trial as required by La.Code Crim.P. art. 780. However, Defendant and his attorney were in open court when the judge addressed his right to a jury trial and waiver thereof. *Cf. State v. Pierre*, 02-2665 (La.3/28/03), 842 So.2d 321 (the preferred (not required) method is the court's advisement of the right to a jury trial in open court and the defendant's personal waiver).[1] Thus, we conclude that the error in failing to obtain a written waiver in violation of La.Code Crim.P. art. 780 is harmless under the facts of this case.

> _____

> [1] *Pierre* predates the 2013 amendment to La.Code Crim.P. art. 780 requiring a written waiver; however, it is instructive in assessing whether obtaining an oral waiver is harmless in light of the newly-required written waiver.

4

Likewise, we conclude that the error in failing to obtain a written waiver in violation of La.Code Crim.P. art. 780 is harmless under the facts of this case.

### *Sufficiency of the Evidence*

Defendant argues that the State's evidence was insufficient to support his armed robbery conviction. Specifically, he observes that no gun was recovered in connection with the robbery and that there was conflicting testimony regarding when the gun or guns were produced during the incident. Defendant also argues that the store security video corroborates his assertion that he did not have a gun during the robbery. The State counters that, when viewed in the light most favorable to the prosecution, the evidence was sufficient to support Defendant's conviction for armed robbery. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195 (1979).

The test for claims of insufficient evidence is settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the Jackson standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The elements of armed robbery are set forth in La.R.S. 14:64(A), which states, "[a]rmed robbery is the taking of anything of value belonging to another

5

from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." Defendant argues on appeal that the State did not prove he was armed with a dangerous weapon during the robbery. Defendant further submits that even if the testimonies of the victim and former co-defendant Anthony Smith are believed, he did not arm himself with a gun until after the robbery had taken place.

Initially, the victim testified that Defendant did not have a gun during the taking. However, the victim later admitted that in a statement he gave to Detective Len Hall soon after the robbery, he stated that Defendant had a gun when the taking occurred. Thereafter, the victim testified as follows:

EXAMINATION CONTINUED BY MR. SHANNON [Prosecutor]:

Q      Now, I'm going to refer you to Page 4 of your previous statement given on April 27, 2011. At which do you recall saying, I'm calling your attention to the top of the page -- you know what I'm saying, and Calvin was still like going toward it. You know what I'm saying. And a man grabbed Corey and that's when I had picked up a bottle and Corey ran out the store and Corey got another gun...

A      Yes, sir.

Q      So, we're talking about two guns aren't we?

A      Yes, sir.

Q      Right?

A      Yes, sir.

Q      So, Corey went and got another gun, but that's after they took your watch and your ring?

A      Yes, sir.

Q      Right?

A      Yes, sir.

6

Q    And they took your -- the watch and the ring after Jones, the
       defendant, pointed a gun at you?

A    Yes, sir.

The prosecutor then questioned the victim about an affidavit that he signed while in jail after the robbery wherein he stated that he had not been robbed. The victim explained that he signed the affidavit after Defendant sent it to him in jail, but that the information contained in the affidavit was not true. The victim then reiterated that the information contained in his initial statement to Detective Hall was true, i.e., that Defendant was armed with a gun when he was robbed.

"It is well settled that the factfinder is free to accept or reject some, none, or all of any witness' testimony." *State v. Savoy*, 06-191, p. 10 (La.App. 3 Cir. 5/31/06), 931 So.2d 1207, 1213.[3] The victim's testimony provided sufficient evidence for the trial judge, as fact finder, to determine that Defendant had a dangerous weapon during the taking. Further, although former co-defendant Anthony Smith's testimony suggested that the "gun did come into play" after the taking, it was not clear on this point. Nevertheless, we conclude that the evidence showing that Defendant armed himself after the taking is sufficient to support his conviction for armed robbery. The first circuit has explained:

> In [*State v.*] *Bridges*, [444 So.2d 721 (La.App. 5 Cir.1984)] similar to the instant case, one of the perpetrators grabbed money from a cash drawer. While the subject was at the register, two other perpetrators disarmed the security guard. The three men, waving the stolen gun, then fled from the store. The court noted that the three men armed themselves not so much to take possession of the money, but to ensure that they could escape without resistance from the victims. The court found that the money was taken by virtue of physical force or intimidation and the final step in the series of events or res gestae was perfected by the use of the gun. The court noted that

---

[3] We have viewed the store security video and still pictures. While they do not clearly show whether Defendant had a gun, the video appears to show the victim dodging some sort of threat.

7

the security guard's gun was not stolen to be pocketed by the defendants, but rather was implemented in the course of their crime. The court concluded that the elements of armed robbery were met in that case although a gun was not used for force or intimidation until after the money was in the possession of the perpetrators. *Bridges*, 444 So.2d at 726. The court relied in part on *State v. Melton*, 296 So.2d 280 (La.1974). . . . Moreover, as set forth in 77 C.J.S. Robbery § 37 (2011), "The use of a dangerous weapon at any point in the robbery will constitute armed robbery as long as it reasonably can be said to be part of a single occurrence or continuous transaction. It is not required that the robber be armed prior to the robbery, as long as the robber is armed during the robbery or in flight therefrom." (Footnotes omitted).

*State v. Brown*, 11-363, pp. 6-7 (La.App. 1 Cir. 9/14/11), 77 So.3d 297, 301, *writ denied*, 11-2293 (La. 3/9/12), 84 So.3d 550.[4]

There was evidence adduced at trial that indicated Defendant was armed during the taking. However, under *Brown*, even if the evidence is viewed as showing that Defendant armed himself after the taking, such evidence would still support his armed robbery conviction. Accordingly, Defendant's assignment of error lacks merit.

## DECREE

Defendant's armed robbery conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

[4]Note: Westlaw does not include a writ denial in *Brown*, but the writ denial itself lists the pertinent appellate docket number as 11-363.